### In the Interest of J.W.

**Juvenile Officer, Respondent,**

v.

**T.W. (Mother), Appellant,**

**R.W. (Putative Father) and John Doe (Putative Father), Defendants.**

### No. WD 62908.

Missouri Court of Appeals, Western District.

Dec. 23, 2003.

David M. Byrn, Blue Springs, MO, for Appellant.

Michael R. Fogal, Kansas City, MO, for Respondent.

Katherine J. Rodgers, Kansas City, MO, Guardian ad litem.

Before EDWIN H. SMITH, P.J., and HOLLIGER and HARDWICK, JJ.

### ORDER

PER CURIAM.

The appellant, T.W., appeals from the judgment of the Circuit Court of Jackson County, Juvenile Division, terminating her parental rights to her biological daughter, J.W., for her being in foster care at least fifteen of the most recent twenty-two months, § 211.447.2(1); for abuse or neglect, § 211.447.4(2); and for failure to remedy after being under the jurisdiction of the juvenile court for a period of one year, § 211.447.4(3).

The appellant raises two points on appeal. In Point I, she claims that the trial court erred in terminating her parental rights to J.W. pursuant to § 211.447.4(2) and § 211.447.4(3), because the decision was not supported by clear, cogent, and convincing evidence, as required by § 211.447.5. In Point II, she claims that the trial court erred in terminating her parental rights to J.W. based upon its finding that termination was in the best interests of the child, as required by § 211.447.5, because the finding was not supported by the evidence, "in that the Division's evidence failed completely to establish factors (5), (6) and (7) under Section 211.447.6 and was not clear, cogent and convincing as to factors (1), (2), (3) and (4) as there was evidence of emotional ties between [the appellant] and J.W., [the appellant] did exercise visitation, there was no evidence that [the appellant's] financial support was only token and inconclusive evidence as to the value of additional services."

Affirmed. Rule 84.16(b).